**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTER DISTRICT: STATE OF NEW YORK
-----------------------------------X

MILAGROS ROBLES and JOSE ROBLES,

                    Plaintiff(s),

        -against-

THE COUNTY OF SUFFOLK, DENNIS M.
COHEN, PAUL J. MARGIOTTA, DENNIS
M. BROWN, STEVE BELLONE, and
JOHN DOES 1-10,

                    Defendant(s).
-----------------------------------X

*CV-13 2315*

Index No.:

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 17 2013 ★

VERIFIED COMPLAINT

LONG ISLAND OFFICE

JURY TRIAL DEMANDED

**WEXLER, J.**

BROWN, M. J.

        The plaintiffs, by their attorney, Scott Lockwood, Esq.,

complaining of the defendants herein alleges:

                    THE PARTIES

        1. Plaintiff, Milagros Robles, is an individual residing in

the County of Suffolk, State of New York.

        2. Plaintiff, Jose Robles, is an individual residing in the

County of Suffolk, State of New York.

        3. Upon information and belief, the defendant, The County of

Suffolk, is a municipal corporation duly organized and existing

under New York State law, with a principal place of business

located at 100 Veterans Memorial Highway, Hauppauge, New York.

        4. Upon information and belief, Defendant, Dennis M. Cohen,

was and is, an employee, agent and representative of the County

of Suffolk and was formerly employed as the Suffolk County

Attorney.

1

5. Upon information and belief, Defendant, Paul J. Margiotta, was and is, an employee, agent and representative of the County of Suffolk employed as the Chief Deputy County Attorney and/or the Acting Suffolk County Attorney.

6. Upon information and belief, Defendant, Dennis M. Brown, was and is, an employee, agent and representative of the County of Suffolk employed as the Suffolk County Attorney.

7. Upon information and belief, Defendant, Steve Bellone, was and is, an employee, agent and representative of the County of Suffolk employed and duly elected as the Suffolk County Executive.

8. Upon information and belief, and at all times herein described, the Defendants, identified herein as John Does 1-10 were, and remain employees, agents or representatives of the County of Suffolk.

9. At all times herein described, in conducting and carrying out the actions described below, the County of Suffolk, John Does 1-10, Steve Bellone, Dennis M. Brown, Dennis M. Cohen and Paul J. Margiotta were acting under color of state law.

PRELIMINARY FACTS

10. This is a civil rights action in which the plaintiffs seek relief for violations of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and 1988, and of rights secured by the Fourteenth Amendment to the United States Constitution, and for rights secured under the laws and Constitution of the State of New York. This action seeks to prevent and

2

redress the deprivation under color of law of the rights, privileges and immunities secured by the United States Constitution and the Amendments thereto, and the laws of the United States, as well as pendent state claims for State Constitutional violations, and replevin under the laws of the State of New York, including damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys fees, and such other and further relief as this court deems equitable and proper.

11. The County of Suffolk (hereinafter "the County") is a Municipal Corporation situated within the State of New York.

12. At all times described herein, the County maintained a DWI seizure program, within which it seizes and retains possession of motor vehicles incident to DWI arrests within the County of Suffolk and thereafter subjects to civil forfeiture.

13. As part of the aforementioned program being carried out by the Defendants, upon the arrest of an individual charged with an offense under New York State Vehicle and Traffic Law 1192, the defendants cause the motor vehicle operated by such individual to be seized and immediately deprive the owner of such vehicle of possession of the vehicle.

14. The alleged statutory basis for defendants authority to seize and retain possession of such vehicle is Suffolk County Code 818, formerly Suffolk County Code 270.

15. Under the State and Federal Constitutions, Defendants are required to afford vehicle owners with Due Process before effectuating a continuing deprivation of the vehicle.

3

16. That the Fourteenth Amendment of the United State Constitution explicitly provides that no person may be deprived of life, liberty and property without due process of law.

17. That as part of the guarantee of Due Process, the Constitution provides for a fair and impartial hearing before a duly constituted tribunal.

18. After the County had implemented its DWI seizure program, the Second Circuit Court of Appeals, in Krimstock v. Kelly, 306 F. 3d 40 (2d Cir 2002), issued a decision which held that a municipality which seeks to seize and retain a vehicle prior to the implementation of a forfeiture action, must provide the owner of the vehicle with a meaningful hearing at a meaningful time before a neutral fact finder to determine the propriety of the initial seizure of the vehicle as well as the continued detention thereof.

19. That following the decision of the Second Circuit in Krimstock, the New York State Court of Appeals issued a decision in County of Nassau v. Canavan, which held "that due process requires that a prompt post-seizure retention hearing before a neutral magistrate be afforded, with adequate notice, to all defendants whose cars are seized and held for possible forfeiture".

20. That under New York Law a Magistrate is defined as "a judge of any court of this state", General Construction Law 28-b.

21. That as a response to the determinations of the Second

4

Circuit and the New York Court of Appeals, the County of Suffolk created a tribunal to hear and determine these retention hearings.

22. That the individuals appointed to hear, determine and preside over these retention hearings are hired, designated, paid and sit at the pleasure of the Suffolk County Executive.

23. That the individuals appointed by the Suffolk County Executive to hear and determine these matters are exercising judicial functions as that term is defined by the New York State Constitution.

24. That in New York State, the judicial powers are defined under Article VI of the New York State Constitution.

25. That under the Constitution and laws of State of New York, a County Executive is not permitted to appoint judges or magistrates to hear and determine judicial controversies.

26. That under the Constitution and laws of the State of New York, a County is not permitted to empanel and create a court system to hear and determine judicial controversies independent of Article Vi of the New York State Constitution.

27. That The Plaintiffs herein were, and are, entitled to a hearing before a legally constituted tribunal under the Constitution and the laws of the State of New York.

28. That the hearings as constituted, enacted and conducted by the Defendants herein do not comport with Due Process.

29. That the hearings a conducted do not require the

5

Defendants to produce any individual with actual knowledge of the facts underlying the arrest of the individual charged and/or the detention of the vehicle.

30. That at a retention hearing conducted by the County, the only individual required by the County to appear are individuals who are hired by the County solely to prepare the paperwork for these hearings.

31. That at the hearings, the individuals presiding over these hearings permit the County to prevail solely upon the basis of the paperwork submitted by a county employee.

32. That such a hearing does not comport with the requirements of Due Process under either the State or Federal Constitution.

33. That the Defendants herein have a history of failing to comply with the requirements of Due Process in the conduct of their DWI seizure program.

SEIZURE OF THE PLAINTIFFS' PROPERTY WITHOUT DUE PROCESS

34. That on January 21, 2013, Plaintiff Jose Robles was arrested and charged with Driving While Intoxicated as a felony.

35. That the Plaintiffs Jose Robles and Milagros Robles were the legal and equitable owners of the vehicle Jose Robles was driving at the time of the arrest.

36. That pursuant to the Suffolk County DWI Seizure Law, the vehicle Jose Robles was operating was seized by the County.

37. That on February 8, 2013, a retention hearing was held.

6

38. That the only person to testify on behalf of the County was employed by the County solely for the purpose of collecting and preparing the paperwork from the Suffolk County Police Department as part of the hearing.

39. That the individual who testified at the retention hearing had no personal knowledge of the facts underlying the arrest and detention of Mr. Robles or relating to the seizure and retention of the vehicle.

40. That the presentation of paperwork only without the presentation of any evidence by anyone with personal knowledge of the facts underlying the County's contention amounts to a de facto presumption in favor of the County and a shifting of the burden of proof in a civil action.

41. That the hearing officer, on the basis of the aforementioned paperwork, made a finding that there was probable cause for the arrest.

42. That the hearing as conducted in this matter did not comport with even the minimum requirements of due process under the State and Federal Constitutions.

43. That the Defendants have deprived the Plaintiffs of their property without Due Process of Law in violation of the State and Federal Constitutions.

44. That the deprivation of the Plaintiffs' property was, and is, deliberate, willful, contumacious and without excuse of legal justification in light of the presently existing law.

7

GOVERNMENTAL POLICIES - MONELL LIABILITY

45. That at all times relevant hereto, it was the policy of the County of Suffolk to appoint fact finders to hear and determine whether there was probable cause to retain the vehicle.

46. That the Suffolk County Executive was the sole authority empowered under the Suffolk County Code to appoint these fact finders.

47. That these fact finders sit at the sole discretion of the Suffolk County Executive.

48. That these fact finders are paid and employed by the County of Suffolk.

49. That under the County Code there are no requirements for appointment as a fact finder to hear and determine issues relating to the seizure and retention of vehicles by the County.

50. That at all times herein, it has been the policy of the County to appoint fact finders to hear and determine issues relating to the seizure and retention of vehicles despite the fact that the tribunal is not a duly authorized court under Article VI of the New York State Constitution.

51. That at all times herein, upon information and belief, the Defendants Cohen, Brown and/or Margiotta have been involved in the selection process for the fact finders presiding over the retention hearings.

52. That at all times herein, it has been the policy of Defendants Margiotta and/or Cohen to retain motor vehicles on

8

behalf of the County even though there was no findings by any fact finder or tribunal legally authorized to make judicial determinations under the Constitution or laws of the State of New York.

53. That at all times herein, it was the policy of the Defendants to have their attorneys and/or employees retain vehicles in derogation of the Constitution and the Laws of the State of New York.

DEFENDANT COHEN ACTED UNDER COLOR OF STATE LAW

54. That while intentionally engaging in the improper and unlawful conduct described herein, Defendant Cohen was clothed with the authority under local law as County of Suffolk.

55. That the wrongs committed by Defendant Cohen and the damages sustained by Plaintiffs as a result thereof, were rendered possible only due to the authority lodged in him by virtue of his office as the County Attorney, which was expressly created under local law.

56. That the wrongs committed by Defendant Cohen constituted a misuse of the power possessed by him by virtue of the local law and his capacity as County Attorney.

57. That the wrongs committed by Defendant Cohen were planned, orchestrated and committed during the regular business hours of Defendant Cohen's office and within the working hours for which Defendant Cohen is and was responsible for fulfilling his official duties as the County Attorney.

58. That in committing the wrongs described herein, defendant Cohen held himself out as, and was viewed to be, acting in his capacity as County Attorney by the persons whom Defendant Cohen influenced as described herein.

59. That in accordance with the foregoing, Defendant Cohen was a person acting under the color of state law within the meaning of 42 USC 1983.

DEFENDANT MARGIOTTA ACTED UNDER COLOR OF STATE LAW

60. That while intentionally engaging in the improper and unlawful conduct described herein, Defendant Margiotta was clothed with the authority under local law as County of Suffolk.

61. That the wrongs committed by Defendant Margiotta and the damages sustained by Plaintiffs as a result thereof, were rendered possible only due to the authority lodged in him by virtue of his office as the Acting County Attorney and/or Chief Deputy County Attorney, which was expressly created under local law.

62. That the wrongs committed by Defendant Margiotta constituted a misuse of the power possessed by him by virtue of the local law and his capacity as Acting County Attorney and/or Chief Deputy County Attorney.

63. That the wrongs committed by Defendant Margiotta were planned, orchestrated and committed during the regular business hours of Defendant Margiotta's office and within the working hours for which Defendant Margiotta is and was responsible for

fulfilling his official duties as the Acting County Attorney and/or Chief Deputy County Attorney.

64. That in committing the wrongs described herein, defendant Margiotta held himself out as, and was viewed to be, acting in his capacity as Acting County Attorney and/or Chief Deputy County Attorney, by the persons whom Defendant Margiotta influenced as described herein.

65. That in accordance with the foregoing, Defendant Margiotta was a person acting under the color of state law within the meaning of 42 USC 1983.

DEFENDANT BELLONE ACTED UNDER COLOR OF STATE LAW

66. That while intentionally engaging in the improper and unlawful conduct described herein, Defendant Bellone was clothed with the authority under local law as County of Suffolk.

67. That the wrongs committed by Defendant Bellone and the damages sustained by Plaintiffs as a result thereof, were rendered possible only due to the authority lodged in him by virtue of his office as the Suffolk County Executive, which was expressly created under the laws of the State of New York.

68. That the wrongs committed by Defendant Bellone constituted a misuse of the power possessed by him by virtue of the local law and his capacity as Suffolk County Executive.

69. That the wrongs committed by Defendant Belllone were planned, orchestrated and committed during the regular business hours of Defendant Bellone's office and within the working hours

11

for which Defendant Bellone is and was responsible for fulfilling his official duties as the Suffolk County Executive.

70. That in committing the wrongs described herein, defendant Bellone held himself out as, and was viewed to be, acting in his capacity as Suffolk County Executive, by the persons whom Defendant Bellone influenced as described herein.

71. That in accordance with the foregoing, Defendant Bellone was a person acting under the color of state law within the meaning of 42 USC 1983.

DEFENDANT BROWN ACTED UNDER COLOR OF STATE LAW

72. That while intentionally engaging in the improper and unlawful conduct described herein, Defendant Brown was clothed with the authority under local law as County of Suffolk.

73. That the wrongs committed by Defendant Brown and the damages sustained by Plaintiffs as a result thereof, were rendered possible only due to the authority lodged in him by virtue of his office as the County Attorney which was expressly created under local law.

74. That the wrongs committed by Defendant Brown constituted a misuse of the power possessed by him by virtue of the local law and his capacity as County Attorney.

75. That the wrongs committed by Defendant Brown were planned, orchestrated and committed during the regular business hours of Defendant Brown's office and within the working hours for which Defendant Brown is and was responsible for fulfilling

12

his official duties as the County Attorney.

76. That in committing the wrongs described herein, defendant Brown held himself out as, and was viewed to be, acting in his capacity as County Attorney by the persons whom Defendant Brown influenced as described herein.

77. That in accordance with the foregoing, Defendant Brown was a person acting under the color of state law within the meaning of 42 USC 1983.

DEFENDANTS JOHN DOE 1-10 ACTED UNDER COLOR OF STATE LAW

78. That while intentionally engaging in the improper and unlawful conduct described herein, Defendants John Doe 1-10 were employees, official, and/or agents of the County of Suffolk.

79. That the wrongs committed by Defendants John Doe 1-10 and the damages sustained by Plaintiffs as a result thereof, were rendered possible only due to the authority lodged in them by virtue of their positions as employees, officials and/or agents of the County of Suffolk.

80. That the wrongs committed by Defendants John Doe 1-10 constituted a misuse of the power possessed by them in their respective capacities and positions as employees, officials and/or agents of the County of Suffolk.

81. That the wrongs committed by Defendants John Doe 1-10 were planned, orchestrated and committed during the regular business hours of their respective offices and within the working hours for which they are and were responsible for fulfilling

13

their duties as employees, officials and/or agents of the County of Suffolk.

82. That in committing the wrongs described herein, defendants John Doe 1-10 held themselves out as, and were viewed to be, acting as employees, officials and/or agents of the County of Suffolk, by the persons whom Defendants influenced as described herein.

83. That in accordance with the foregoing, Defendants John Doe 1-10 were persons acting under the color of state law within the meaning of 42 USC 1983.

DEFENDANT COUNTY OF SUFFOLK ACTED UNDER COLOR OF STATE LAW

84. That Defendants Bellone, Brown, Cohen, Margiotta and John Does 1-10 were all officials, agents and/or employees of the County of Suffolk.

85. That Defendants Bellone, Brown, Cohen, Margiotta and John Does 1-10 were all officials, agents and/or employees of the County of Suffolk who were authorized to and did create the policies under which the County of Suffolk implemented its DWI seizure policies.

86. That in accordance with the aforementioned, the wrongful actions of Defendants Bellone, Brown, Cohen, Margiotta and John Does 1-10 represented the official governmental policy of the Defendant County of Suffolk.

87. That in accordance with the foregoing, the County of Suffolk is also a person within the meaning of 42 USC 1983.

14

COUNT ONE - DUE PROCESS UNDER THE FOURTEENTH AMENDMENT

88. Plaintiffs repeat, reallege and reiterate the allegations set forth in paragraphs "1" through "87" as if more fully set forth herein.

89. That at all times set forth herein, Plaintiffs were the legal and equitable owners of a 2002 White GMC Suburban motor vehicle bearing VIN 1GKFK66U82J133530.

90. That at all times described herein, the Plaintiffs possessed clearly established property rights under the Law of the State of New York including the rights to purchase, enjoy, possess, own and freely alienate the aforementioned motor vehicle without unlawful deprivation and/or arbitrary interference and deprivation of those rights.

91. That the defendants herein have willfully, intentionally, deliberately, and/or arbitrarily deprived plaintiffs of their property rights in the aforementioned vehicle by creating a policy and procedure whereby the defendants willfully, intentionally, deliberately, and/or arbitrarily deprive individuals, and these plaintiffs in particular, of their property rights.

92. That in direct defiance of the Constitution and Laws of the State of New York, Defendants have created a illegal tribunal to hear and determine the propriety of the seizure and continued retention of motor vehicles seized under the Suffolk County Code.

93. That the creation of these illegal tribunals is in

15

violation of established law and in violation of the Due Process Clause of the Fourteenth Amendment.

94. That the purpose of enacting these illegal and unauthorized tribunals, was to deprive individuals of their property rights in motor vehicles.

95. That as a result of the actions of the Defendants, Plaintiffs herein have been deprived of their rights to use, enjoy and possess the motor vehicle aforementioned.

96. That the actions of the Defendants in depriving the Plaintiffs of their right to use, enjoy and possess the motor vehicle at issue in this matter were done knowingly and deliberately with an affirmative intent to deprive persons, including these plaintiffs in particular, of their property rights in certain motor vehicles.

97. That as a result of the foregoing, including the pattern of violating the due process rights, an award of punitive damages against the individual defendants is warranted.

COUNT TWO - PENDENT STATE CLAIMS

98. Plaintiffs repeat, reallege and reiterate the allegations set forth in paragraphs "1" through "97" as if more fully set forth herein.

99. That the State of New York has enacted a comprehensive and complete set of forfeiture statues which apply to "any felony" committed in the State of New York.

100. That Jose Robles is charged with driving while

16

intoxicated as a felony under New York law.

101. That the County of Suffolk has been expressly preempted from enacting legislation relating to the forfeiture of motor vehicles for felony charges of driving while intoxicated.

102. That the State of New York has enacted a complete, thorough and comprehensive set of laws governing and regulating the use of public roadways in the State of New York.

103. That the County of Suffolk has been impliedly and expressly preempted from enacting legislation regulating the passage and travel upon roadways in the State of New York.

104. That for the aforementioned reasons, the County of Suffolk is preempted from enacting the legislation set forth in the Article 818 of the Suffolk County Code relating to the forfeiture of motor vehicles for persons accused of driving while intoxicated.

WHEREFORE, plaintiffs demand judgment against the defendants, in the sum not exceeding Five Hundred Thousand Dollars ($500,000.00), including an award of punitive damages, with interest thereon, together with costs, disbursements and attorney's fees.

Dated: March 1, 2013
       North Babylon, New York

                              Yours, etc.,
                              Scott Lockwood, Esq.
                              Attorney for Plaintiffs
                              1476 Deer Park Avenue
                              Suite 3
                              North Babylon, NY 11703
                              (631) 242-3369

17

VERIFICATION

STATE OF NEW YORK        )
                         )ss.:
COUNTY OF                )

      Milagros Robles, being duly sworn, deposes and says:

      That the aforementioned is the above named plaintiff and is over the age of eighteen years; that the foregoing Complaint has been read and the same is true except as to those matters based therein upon information and belief, and as to those matters, they are believed to be true.

_Milagros Robles_

Sworn to before me this
4th  day of March, 2013

_Notary Public_

LOCKWOOD
...IC, STATE OF NEW YORK
...44
...SUFFOLK COUNTY
...RES  3/11/13

1